**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1915**

THE CONTINENTAL INSURANCE COMPANY,

            Plaintiff - Appellant,

    v.

MARK A. GENTILE,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:13-cv-00654-LO-IDD)

Submitted: January 16, 2014          Decided: February 5, 2014

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher A. Abel, G. Blake Christensen, WILLCOX & SAVAGE, PC, Norfolk, Virginia, for Appellant. David Rosenblum, ROSENBLUM & ROSENBLUM, LLC, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Continental Insurance Company ("Continental") filed an action seeking a declaratory judgment that it did not owe Mark A. Gentile under a marine insurance policy it issued to insure his sailboat. Gentile personally sustained injuries from an unidentified/uninsured boater, and the policy included an uninsured boater provision in its Coverage G. Continental alleged the incident was excluded, however, because there was no boat-to-boat damage as required under Exclusion F of the policy. The parties filed cross-motions for judgment as a matter of law under Fed. R. Civ. P. 12(c), and the district court denied Continental's motion and granted Gentile's.

Continental appeals, raising three issues: (1) whether the district court erred by relying on evidence outside the four corners of the policy of marine insurance issued to Gentile in order to determine that the policy was subject to the requirements contained in Virginia Code Ann. § 38.2-2232 (Lexis Nexis 2007); (2) whether the district court erred by ruling that the policy of marine insurance issued to Gentile was subject to the requirements contained in § 38.2-2232; and (3) whether the district court erred by ruling that the policy of marine insurance issued to Gentile was in conflict with the requirements contained in § 38.2-2232, and, as such, Exclusion F to that policy's Coverage G was unenforceable.

We have reviewed the record and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court.  The Cont'l Ins. Co. v. Gentile, No. 1:13-cv-00654-LO-IDD (E.D. Va. July 12, 2013).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED